UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25858-ALTMAN

GRACIELA FLORES,

     *Plaintiff*,

v.

CARNIVAL CORPORATION,

     *Defendant*.

_____/

## ORDER

Our Plaintiff, a fare-paying passenger injured aboard a cruise ship, sued the Defendant—Carnival Corporation—for three counts of negligence. *See generally* Complaint [ECF No. 1]. But the Defendant argues that "the instant action is barred by the doctrine of res judicata and must be dismissed." Motion to Dismiss (the "MTD") [ECF No. 11] at 2. We agree.

On December 12, 2025, the Plaintiff *twice* filed her Complaint. On her telling, the first filing—25-cv-25854, assigned to Judge Becerra—named "a nonexistent Defendant, 'DaVID L CARNIVAL CORPORATION'" instead of "'CARNIVAL CORPORATION.'" Response to MTD (the "Response") [ECF No. 14] at 2; *see also Flores v. Carnival Corp.*, 25-cv-25854-JB (S.D. Fla. Dec. 12, 2025) (Becerra, J.) ("*Flores*/Becerra"). "[W]ithin minutes of the initial filing," the Plaintiff explains, she refiled her Complaint to fix the "typographical error." Resp. at 1. That second filing—25-cv-25858—was assigned to us. Three days later, the Plaintiff voluntarily dismissed the first-filed action *with prejudice*. *See generally* Notice of Voluntary Dismissal, *Flores*/Becerra, ECF No. 4. That same day, Judge Becerra dismissed that case with prejudice. *See generally* Order of Dismissal, *Flores*/Becerra, ECF No. 5.

    Given the dismissal of the first action, the Defendant argues, the Plaintiff here improperly "seeks to litigate a lawsuit for which she affirmatively sought, and obtained, an order of dismissal **with**

**prejudice**." MTD at 2 (emphasis in original); *see also ibid.* ("Accordingly, the Court's December 15, 2025 Order dismissing Plaintiff's claims with prejudice constitutes a final judgment on the merits."). Resisting that conclusion, the Plaintiff contends that the Defendant in the first-filed action "was *not* CARNIVAL CORPORATION," and that "[n]either the rule nor spirit of the principle of *res judicata* appl[ies] to this set of facts in which a Complaint was improperly filed against a nonexistent party and dismissed accordingly." Resp. at 4. After careful review, we find that the Plaintiff misstates the facts of this case and ignores the doctrine of *res judicata*.

"A dismissal with prejudice bars the litigant from refiling the same complaint[.]" *Daker v. Comm'r, Georgia Dep't of Corr.*, 694 F. App'x 765, 767 (11th Cir. 2017); *see also Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) ("The doctrine of claim preclusion (or *res judicata*) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit."). Here, the Plaintiff filed identical actions and then dismissed the first one *with prejudice*. And, contrary to what she tells us now, the Complaint, Notice of Voluntary Dismissal, and Order of Dismissal in the first-filed case each named "Carnival Corporation"—not some typo-riddled alternative—as the Defendant.

The Defendant claims that a "copy of the Clerk's acknowledgment" lists the wrong Defendant. Resp. at 2. Not so. To be sure, the wrong Defendant appears on the *caption* of the first docket entry in the first-filed case. But that doesn't change the fact that the Complaint, the Notice of Voluntary Dismissal, and the Order of Dismissal all reflect the *correct* Defendant. *See* Exhibit A [ECF No. 14-1]. And the Plaintiff neglects to marshal any caselaw for the proposition that the caption of a docket entry supersedes a complaint and a dismissal. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Michaels v. Sasser's Glass Works Inc.*, 662 F. Supp. 3d 1223, 1243 (S.D. Fla. 2023) (Altman, J.), *aff'd*, 2025 WL 588648 (11th Cir. Feb. 24,

2

2025) ("The law is well-settled that perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." (quotation marks omitted)).

"[T]he doctrine of res judicata prevents the same claims from being litigated by the same plaintiff against the same defendant as in a previous proceeding." *Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1199 (11th Cir. 2012). We see no reason to cast aside that doctrine here, given that the Plaintiff brought an identical suit against the same party. Accordingly, the Motion to Dismiss [ECF No. 11] is **GRANTED**.[1]

**DONE AND ORDERED** in the Southern District of Florida on May 8, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

---

[1] Any attack on the first-filed action should be pursued through Federal Rule of Civil Procedure 60(b), "which authorizes a court to reopen a final judgment under certain circumstances." *Kemp v. United States*, 596 U.S. 528, 531 (2022).